IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| James Cleve Browning, ) | Civil Action No.: 3:11-cv-2258-RMG |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Kirkland Correction Institution ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| ) | |

Plaintiff James Cleve Browning, an inmate at Evans Correctional Institution, brings this action *pro se* and *in forma pauperis* pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1915. Specifically, Plaintiff alleges he suffered from food poisoning after the kitchen served "cold and spoiled food since we been on lock down and by law we should have three hot meal a day" and that prison officials "refuse me to go to medical." (Dkt. No. 1 at 3). Plaintiff asks the Court to have the South Carolina Department of Health and Environmental Control ("DHEC") "check into the kitchen for serving spoil[ed] meat also like to suit them." (Dkt. No. 1 at 4).

In accordance with 28 U.S.C. § 636(b) and the Local Rules, this matter was referred to the United States Magistrate Judge for all pretrial proceedings. The Magistrate Judge has issued a Report and Recommendation that Plaintiff's complaint be summarily dismissed for failure to state a claim upon which relief may be granted. (Dkt. No. 8).

Plaintiff was advised by the Magistrate Judge of the procedures and requirement for filing objections to the Report and the serious consequences of failing to do so. Plaintiff has failed to object to the R&R. As explained herein, this Court has reviewed the Record for any errors of law, agrees with the Report and Recommendation, and therefore dismisses the Plaintiff's complaint.

## LAW/ANALYSIS

The Magistrate Judge only makes recommendations to this Court. The recommendations of the Magistrate Judge have no presumptive weight and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). The Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, the Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, which allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey Ltd.*, 526 U.S. 687, 707 (1999). "To state a claim under § 1983, a plaintiff must allege [1] the violation of a right secured by the Constitution and laws of the United States, and [2] must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).

As only "persons" may act under color of state law, a defendant in a § 1983 action must qualify as a "person." *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "persons" subject to suit under 42 U.S.C. § 1983); *Jones v. Lexington County Detention Center*, 586 F.Supp.2d 444, 451 (D.S.C. 2008) (holding Lexington County Detention Center is a physical institution that is not subject to § 1983 liability); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."), *rev'd on other grounds*, 2000 WL 20591, No. 99-6950 (4th Cir. 2000). The state prison facility named in Plaintiff's complaint is not a "person" amenable to suit under § 1983; therefore, the Defendant facility is entitled to summary dismissal.

2

Plaintiff also requests relief in the form of the Court directing DHEC, a state agency, to investigate Kirkland's kitchen facilities. Under 28 U.S.C § 1361, district courts are granted "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Therefore, on its face, § 1361 extends federal mandamus jurisdiction only to *federal* officers or employees. *See United States v. Oncology Assocs.*, 198 F.3d 502, 510 (4th Cir. 1999). As DHEC is a state agency, the Court lacks the necessary jurisdiction to grant the relief sought by the Plaintiff.[1]

## CONCLUSION

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court and the Plaintiff's Complaint is **DISMISSED** without prejudice.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 17, 2011
Charleston, South Carolina

---

[1] As the Magistrate Judge noted in his Report and Recommendation, should the Plaintiff turn to 28 U.S.C. § 1651, the "all writs statute," as the source of his desired writ, this Court would still lack the appropriate jurisdiction to grant it. § 1651 writs are limited to cases where federal courts are acting in aid of their respective jurisdictions. *See* 28 U.S.C. § 1651; *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587-88 and nn.2-4 (4th Cir. 1969).

3